Mahadhi Corzano, Esq. (SBN 254905)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
mcorzano@consumerlawcenter.com
Attorneys for Plaintiff,
MICHELE RICCA

**UNITED STATES DISTRICT COURT,
EASTERN DISTRICT OF CALIFORNIA,
SACRAMENTO DIVISION**

| | |
|---|---|
| MICHELE RICCA, | ) Case No.: |
|  | ) |
| Plaintiff, | ) **COMPLAINT AND DEMAND FOR** |
|  | ) **JURY TRIAL** |
| v. | ) |
|  | ) **(Unlawful Debt Collection Practices)** |
| NATIONAL CHECK PROCESSING, LLC, | ) |
|  | ) |
| Defendant. | ) |

**VERIFIED COMPLAINT**

MICHELE RICCA (Plaintiff), by her attorneys, KROHN & MOSS, LTD., alleges the following against NATIONAL CHECK PROCESSING, LLC (Defendant):

**INTRODUCTION**

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, insurers, and attorneys.

**JURISDICTION AND VENUE**

4. Jurisdiction of this court arises pursuant to *15 U.S.C. 1692k(d)*, which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy," and *28 U.S.C. 1367* grants this court supplemental jurisdiction over the state claims contained therein.

5. Defendant conducts business in the state of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *28 U.S.C. 1391(b)(2)*.

7. Declaratory relief is available pursuant to *28 U.S.C. 2201 and 2202*.

**PARTIES**

8. Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

9. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)* and Defendant is attempting to collect a debt by communicating with Plaintiff as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt by contacting Plaintiff.

11. Defendant is a national company with business offices in Jacksonville, Florida.

**FACTUAL ALLEGATIONS**

12. Defendant constantly and continuously places calls to Plaintiff seeking and demanding payment for an alleged debt.

13. Defendant calls Plaintiff at her place of employment at 916-231-1804.

14. Defendant calls Plaintiff on her home telephone number at 916-391-2237.

15. Defendant calls Plaintiff on her cellular telephone number at 916-519-8774.

16. Defendant calls Plaintiff from 904-374-7445.

17. Defendant called Plaintiff before 8:00 a.m. local time.

PLAINTIFF'S COMPLAINT

18. Defendant places telephone calls to Plaintiff and failed to state that the call is from National Check Processing.

19. Defendant calls Plaintiff and fails to state the call is from a debt collector.

20. Defendant threatened to file a lawsuit against Plaintiff. To date, no lawsuit has been filed.

21. Defendant calls Plaintiff at her place of employment after being informed that Plaintiff is not allowed to receive personal telephone calls at work.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

22. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692c(a)(1)* by contacting Plaintiff at a time known to be inconvenient to Plaintiff because Defendant calls Plaintiff before 8:00 a.m.

    b. Defendant violated *§1692c(a)(3)* by repeatedly contacting Plaintiff at his place of employment even though Defendant knew that Plaintiff's employer prohibits the consumer from receiving such communications.

    c. Defendant violated *§1692d* of the FDCPA by engaging in conduct of which the natural result is the abuse and harassment of the Plaintiff.

    d. Defendant violated *§1692d(5)* of the FDCPA by causing a telephone to ring repeatedly and continuously with the intent to annoy, abuse, and harass Plaintiff.

    e. Defendant violated *§1692e(5)* of the FDCPA by threatening to file a lawsuit against Plaintiff even though Defendant does not intend to do so.

    f. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant called and failed to state that the call is from National Check Processing.

    g. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in

subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, MICHELE RICCA, respectfully requests judgment be entered against Defendant, NATIONAL CHECK PROCESSING, LLC, for the following:

23. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

24. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

25. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*

26. Any other relief that this Honorable Court deems appropriate.

## COUNT II
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

27. Plaintiff repeats and realleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

28. Defendant violated the RFDCPA based on the following:

    a. Defendant violated *§1788.11(b)* of the RFDCPA by placing telephone calls without meaningful disclosure of the caller's identity when Defendant called and failed to state that the call is from National Check Processing.

    b. Defendant violated *§1788.11(d)* of the RFDCPA by causing Plaintiff's telephone to ring repeatedly and continuously so as to annoy Plaintiff.

    c. Defendant violated *§1788.11(e)* of the RFDCPA by placing collection calls to Plaintiff with such frequency that was unreasonable and constituted harassment.

    d. Defendant violated the *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, MICHELE RICCA, respectfully requests judgment be entered against Defendant, NATIONAL CHECK PROCESSING, LLC, for the following:

29. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

30. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal Civ Code §1788.30(b)*,

31. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal Civ Code § 1788.30(c)*, and

32. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

PLEASE TAKE NOTICE that Plaintiff, MICHELE RICCA, demands a jury trial in this cause of action.

RESPECTFULLY SUBMITTED,

DATED: June 3, 2010

KROHN & MOSS, LTD.

By: _____

Mahadhi Corzano
Attorney for Plaintiff

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF CALIFORNIA

Plaintiff, MICHELE RICCA, states as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MICHELE RICCA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATE: 6/4/2010

_____
MICHELE RICCA